**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **JADY L. CHANDLER,**             ) | |
|                            **Plaintiff,**             ) | |
| **v.**             ) | |
|                                                                   ) | **Case No. 08-2204** |
| **COMMISSIONER OF SOCIAL SECURITY,**  ) | |
| **sued as Michael J. Astrue,**             ) | |
|                            **Defendant.**             ) | |

## REPORT AND RECOMMENDATION

On September 3, 2009, the undersigned filed Reports and Recommendations (#19) and (#20), which together recommended that Plaintiff's Motion for Summary Judgment or Remand (#11) be granted and Defendant's Motion for an Order Which Affirms the Commissioner's Decision (#15) be denied. Defendant filed an objection and Plaintiff filed a response. Thereafter, Chief United States District Judge Michael P. McCuskey entered an Order (#23) accepting the Reports and Recommendations. The case was remanded for further proceedings pursuant to 42 U.S.C. § 405(g), Sentence 4. On January 7, 2010, Plaintiff filed "Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#25). Defendant has not filed a response. The undersigned presumes that there is no opposition (CDIL-LR 7.1(B)(2)).

Clearly, Plaintiff is a prevailing party under the statute. She sought and received a remand. She has provided the Court with records and supporting documentation regarding the time expended by her attorneys, as well as the hourly rate claimed. I have reviewed that documentation and found the fees claimed reasonable, both in amount of work performed and the rate charged.

The remaining issue is whether or not the position of the United States was substantially justified. The Commissioner bears the burden of proving that his conduct throughout the proceeding, including the ALJ's decision, was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). To determine whether the argument is substantially justified, the court must determine whether that argument had (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection

between the facts alleged and the legal theory propounded. *Id.* (quoting *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)). This determination must be based on an evaluation of the Commissioner's conduct throughout the entire proceeding. *Harris v. Astrue*, 2008 WL 410577, * 2 (N.D. Ind. Feb. 11, 2008).

The Supreme Court held that the Commissioner's position is substantially justified if a reasonable person would find the position justified. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Similarly, the Seventh Circuit held that a decision is substantially justified if reasonable people could come to different conclusions about the Commissioner's action. *Harris v. Astrue*, 2008 WL 410577, *3 (quoting *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992).

In the present case, this Court recommended remand because the ALJ translated Dr. Linda Lanier's findings that Plaintiff was moderately limited in concentration, persistence, and pace into an RFC that limited Plaintiff to "unskilled work with one to two step operations and only occasional interaction with others in the work-place." (R. 20.) This Court found, in keeping with recent Seventh Circuit precedent, that the ALJ was not allowed to translate a doctor's findings into an RFC or a hypothetical question to the VE. *Stewart v. Astrue*, 561 F.3d 679, 686 (7th Cir. 2009). *Stewart* specifically held that such translation by an ALJ was a basis on which to award attorney's fees.

The requirements for an award of fees have been met. Accordingly, I recommend pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Plaintiff's Application Attorneys' Fees Under the Equal Access to Justice Act **(#25)** be **GRANTED** and an award be made under the Act in the sum of $5,794.30.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within 14 working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 2nd day of February, 2010.

                              s/ DAVID G. BERNTHAL
                              U.S. MAGISTRATE JUDGE